**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SHANA H.,

                              Plaintiff,

              v.                                        1:24-CV-1159
                                                        (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

AVARD LAW                          CRAIG POLHEMUS, ESQ.
Attorney for Plaintiff
P.O. Box 101110
Cape Coral, Florida 33910

U.S. SOCIAL SECURITY ADMIN.        KRISTINA D. COHN, ESQ.
OFFICE OF THE GENERAL COUNSEL      HUGH DUN RAPPAPORT, ESQ.
Attorney for Defendant             NATASHA OELTJEN, ESQ.
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

1

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 12 & 19, and Defendant's Motion for Judgment on the Pleadings. Dkt. No. 18. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1984 and has past work experience as a billing clerk and a restaurant server. Dkt. No. 8, Admin. Tr. ("Tr."), pp. 242-243 & 250. Plaintiff reported having received a bachelor's degree. Tr. at p. 44. Plaintiff alleges disability based on diabetes, neuropathy in her hands and legs, pregnancy, carpel tunnel syndrome, sleep apnea, memory issues, and thyroid disease. Tr. at p. 241. Plaintiff's application for disability insurance benefits was initially denied on July 15, 2022, Tr. at pp. 101-111, and upon reconsideration on March 2, 2023. Tr. at pp. 115-125. Plaintiff thereafter timely requested a hearing before an Administrative Law Judge ("ALJ"). *See* Tr. at pp.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

129-130.  Plaintiff subsequently appeared and testified at a hearing before ALJ Asad Ba-Yunus on September 18, 2023.  Tr. at pp. 33-69.  A vocational expert also testified at the hearing.  *Id.*  On January 16, 2024, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 17-26.  On August 1, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-5.

## B.  The ALJ's Decision

The ALJ found that Plaintiff meets the insured status requirements under the Social Security Act through December 31, 2027, but had not engaged in substantial gainful activity since May 13, 2022.  Tr. at p. 19.  Second, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, diabetic neuropathy, history of carpal tunnel syndrome, and history of mild compression deformity of the lumbar spine.  Tr. at p. 20.  Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1.  Tr. at p. 21.  Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> she may occasionally balance, stoop, kneel, crouch, crawl, climb ramps/stairs, or climb ladders/ropes/scaffolds, and must avoid more than occasional exposure to all hazards, including unprotected heights and dangerous machinery.

3

*Id.* Next, the ALJ found that Plaintiff could perform her past relevant work as a waitress, telemarketer, or administrative clerk. Tr. at p. 24. The ALJ also found that the Plaintiff could perform additional work existing in significant numbers in the national economy. Tr. at pp. 24-25. As a result, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at p. 26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

4

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).  The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

5

## III. DISCUSSION

### A. Step 2

At Step Two, the ALJ "assesses whether the claimant suffers from a severe impairment that significantly limits his or her physical or mental ability to do basic work activities." *Armstrong v. Berryhill*, 2018 WL 1357378, at *2 (N.D.N.Y. Mar. 14, 2018) (citing 20 C.F.R. § § 404.1520(c)). An impairment will be considered severe if it causes "more than minimal limitations in [a claimant's] ability to perform work-related functions." *Donahue v. Colvin*, 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018)) (alteration in original); *Lugo Rodriguez v. Berryhill*, 2018 WL 1135330, at *4 (D. Conn. Mar. 2, 2018) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)) ("In other words, any claim in which the medical evidence establishes more than a 'slight abnormality' with 'no more than a minimal effect on an individual's ability to work' should be determined 'severe.'"). Further, a severe impairment must persist for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A) (disability involves impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").

Plaintiff alleges that the ALJ erred at Step Two in failing to consider whether her memory issues were a severe impairment. Pl.'s Mem. of Law at pp. 20-22. The record does not support finding any error in this regard. First, the record is clear that the ALJ

did consider Plaintiff's identification of memory issues as disabling.  Tr. at p. 20.  The ALJ made a specific finding that the memory issues were not "based on any specific medically determinable impairment." *Id.*  While Plaintiff suggests that the ALJ should nonetheless have conducted the special technique under 20 C.F.R. § 404.1520a to assess her memory issues, Pl.'s Mem. of Law at p. 22, the Commissioner's regulations demonstrate that this would not have been appropriate.  The regulations state "[a]fter we establish that [a claimant has] a medically determinable impairment(s), then we determine whether your impairment(s) is severe."  20 C.F.R. § 404.1521.  The regulations governing assessment of mental impairments specifically direct that the special technique is applicable only "[i]f we determine that you have a medically determinable medical impairment."  20 C.F.R. § 404.1520a(b)(1); *see also Rousey v. Comm'r of Soc. Sec.*, 285 F. Supp. 3d 723, 738 (S.D.N.Y. 2018) ("After finding that plaintiff had the medically determinable impairments of adjustment disorder with depressed mood and amnestic disorder, NOS, the ALJ then applied the required special technique for the evaluation of mental impairments.").  Here, Plaintiff does not challenge the finding that Plaintiff suffered no medically determinable impairment that caused the memory issues and so there was no error in the ALJ's adherence to the regulations which require that finding before moving on with the special technique.

7

## B. Failure to Account for Manipulative Limitations

The ALJ's RFC finding contained no specific manipulative limitations, *see* Tr. at p. 21, which Plaintiff claims was error given her recognized diagnosis of diabetic neuropathy and carpal tunnel syndrome. Pl.'s Mem. of Law at pp. 17-20. The Court finds no basis for remand on this ground.

The Social Security Administration's regulations "define RFC as the most a claimant can do despite his or her physical and/or mental limitations." *Pamela H. v. Kijakazi*, 2021 WL 4307457, at *2 (N.D.N.Y. Sept. 22, 2021) (citing 20 C.F.R. §§ 404.1545). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)).

Plaintiff cites numerous medical websites to establish that her neuropathy can cause difficulty with fine motor skills. Pl.'s Mem. of Law 18. The ALJ recognized both neuropathy and carpal tunnel syndrome as severe impairments. Tr. at p. 20. Significantly, however, Plaintiff cites to no medical opinion suggesting the need for manipulative limitations that was improperly addressed by the ALJ. *See* Pl.'s Mem. of Law at pp. 17-20. Nor does she identify what manipulative limitations she suggests

8

were necessary.  This failure precludes relief for Plaintiff on this claim because "the burden is on Plaintiff to demonstrate the existence of functional limitations that preclude any substantial gainful activity."  *Christopher G. v. Comm'r of Soc. Sec.*, 2024 WL 4136562, at *3 (N.D.N.Y. Aug. 20, 2024), *report and recommendation adopted*, 2024 WL 4135783 (N.D.N.Y. Sept. 10, 2024).

Dr. Shankar Ganti, a consultative examiner, found Plaintiff to have "no limitation."  Tr. at p. 1158.  The ALJ found that opinion "generally persuasive."  Tr. at p. 23.  Plaintiff does not challenge the ALJ's evaluation of that opinion in this Court.  *See generally* Pl.'s Mem. of Law.  That finding certainly provides substantial evidence for an RFC that does not impose specific manipulative limitations.  The ALJ also relied on Plaintiff's daily activities which included regular use of a phone for texting and emails and her work at the time of the decision that included regular data entry on a computer.  Tr. at p. 22.  It is "Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ."  *Beaman v. Comm'r of Soc. Sec.*, 2020 WL 473618, at *6 (W.D.N.Y. Jan. 28, 2020).  Given this record and the lack of any medical opinion suggesting the need for significant manipulative limitations, she has not done so here.

## C. Evaluation of the Medical Opinions

Plaintiff challenges the ALJ's evaluation of the opinions from the state agency medical consultants, Pl.'s Mem. of Law at pp. 23-24, and Dr. Shannon Comley, *id.* at

9

pp. 24-28, as inconsistent with the standards for evaluating medical opinions. The record demonstrates no error warranting remand.

### 1. State Agency Consultants

With respect to the state agency consultants, Plaintiff challenges what amounts to a typographical error. The ALJ's decision states "these acceptable medical sources also opined that the claimant's diabetes (Exhibits 1A, 3A)." Tr. at p. 23. Plaintiff objects that this "sentence fragment" resulted in an inadequate explanation of the ALJ's opinion. Pl.'s Mem. of Law at p. 23. Courts, however, regularly "have found typographical errors to be harmless if it is obvious from the opinion as a whole that the error is not substantive." *Jeremy G. v. Comm'r of Soc. Sec.*, 2025 WL 1507232, at *7 (N.D.N.Y. May 5, 2025), *report and recommendation adopted*, 2025 WL 1506164 (N.D.N.Y. May 27, 2025). While this sentence of the ALJ's was incomplete, this does not require remand. The partial sentence refers to Plaintiff's diabetes which the ALJ went on to find was a severe impairment, Tr. at p. 20, and which the ALJ discussed in detail throughout the opinion. Tr. at pp. 21-24. Plaintiff can show no prejudice from the error. The state agency physicians found Plaintiff to suffer from no severe impairments. Tr. at p. 75. The ALJ expressly rejected that opinion, Tr. at p. 23, and, as noted, found Plaintiff's diabetes to be severe. Tr. at p. 20. The ALJ's evaluation of

these findings was, therefore, more favorable to Plaintiff and Plaintiff has articulated no basis for finding that the typographical error prejudiced her.

### 2. Dr. Comley

Dr. Shannon Comley, a treating provider to Plaintiff, offered a medical opinion opining various functional limitations, Tr. at pp. 1430-1434, which the ALJ found "non-persuasive." Tr. at p. 23. Plaintiff objects to the ALJ's evaluation of the opinion on the ground that the ALJ failed to properly evaluate and discuss the consistency of Dr. Comley's opinion with others in the record. Pl.'s Mem. of Law at pp. 24-28.

Social Security regulations require the ALJ, when evaluating the persuasiveness of a medical opinion, to assess among other factors, the consistency of the opinion. 20 C.F.R. § 404.1520c(c). According to those regulations, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). "Consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *White v. Comm'r of Soc. Sec.*, 2022 WL 951049, at *5 (S.D.N.Y. Mar. 30, 2022).

The record reveals that the ALJ adequately evaluated the consistency of Dr. Comley's opinion with other evidence in the record. "The consistency factor calls for

a comparison between the medical source's opinion and evidence from other medical sources and nonmedical sources in the file." *Acosta Cuevas v. Comm'r of Soc. Sec.*, 2021 WL 363682, at *14 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted sub nom. Cuevas v. Comm'r of Soc. Sec.*, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022). In doing so here, the ALJ specifically noted the lack of clinical evidence elsewhere in the record to substantiate limitations identified related to Plaintiff's gait or strength. Tr. at p. 23. The ALJ also noted the inconsistencies with Plaintiff's current work situation and her activities of daily living with Dr. Comley's opined work limitations. *Id.*

While Plaintiff cites to numerous other physicians in the record, with whom she contends Dr. Comley's "assessment of neuropathy is consistent," Pl.'s Mem. of Law at p. 26, the Court notes that each of the citations is to a diagnosis of neuropathy, *see*, *e.g.*, Tr. at pp. 443, 444 & 576, with which the ALJ agreed and found to be a severe impairment. Tr. at p. 20. It is thus unclear how Plaintiff believes the ALJ's analysis of the consistency between these opinions to be inadequate.

When read as a whole, the ALJ amply described the various medical opinions and explained the consideration of the consistency factor. Tr. at pp. 21-24. Here, "the ALJ discussed the consistency . . . factor[ ] to a sufficient degree such that the Court

can glean the ALJ's rationale." *Tara B. v. Comm'r of Soc. Sec.*, 2023 WL 7281138, at *1 (N.D.N.Y. Nov. 3, 2023).

### D. Step Five

The final argument to be addressed is Plaintiff's contention that the ALJ erred at Step Five in identifying jobs that Plaintiff could perform. She contends that she lacked the functional capacity to perform identified jobs and that they did not, in any event, exist in sufficient numbers in the national economy. Pl.'s Mem. of Law at pp. 14-17.

"[A] Step Five, the Commissioner considers whether the claimant can perform any other work available in the national economy based on the claimant's RFC, age, education, and prior vocational experience." *Bull v. Comm'r of Soc. Sec.*, 2009 WL 799966, at *5 (N.D.N.Y. Mar. 25, 2009). "The Commissioner need show only *one job* existing in the national economy that [Plaintiff] can perform." *Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011) (emphasis added); *see also Barnaby v. Berryhill*, 773 F. App'x 642, 644 (2d Cir. 2019).

The ALJ found Plaintiff had an RFC to perform light work with certain additional limitations. Tr. at p. 21. At the administrative hearing, the Vocational Expert ("VE") was questioned about what work Plaintiff could perform given a hypothetical light work RFC. Tr. at pp. 66. The VE testified to several jobs he believed

a person with the hypothetical RFC could perform, including cashier, which has over 450,000 jobs nationally. *Id.* The VE specifically categorized the cashier position as light work. *Id.*

> When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding.

*Boyer v. Berryhill*, 2017 WL 1207833, at *5 (N.D.N.Y. Mar. 31, 2017) (citations omitted).

Plaintiff's argument relies heavily on the perceived "obsolescence" of the Dictionary of Occupational Titles on which the VE appears to have relied. Pl.'s Mem. of Law at p. 14; *see also* Tr. at p. 66. She urges instead that data from the Occupational Requirements Survey ("ORS"), which she suggests identifies the cashier position as medium work, is more reliable. Pl.'s Mem. of Law at p. 14; *see also* Dkt. No. 12-8. The Court is unpersuaded by this argument for several reasons. First, while Plaintiff points to a new Social Security Ruling permitting reliance on the ORS, that ruling concededly took effect in January 2025, Pl.'s Mem. of Law at p. 15, and did not bind the ALJ at the time of the January 2024 decision. Second, the data relied upon by Plaintiff does not establish that the ALJ erred in concluding that the light work RFC was consistent with Plaintiff's ability to perform the cashier position. The material

14

provided by Plaintiff appears to show that 35.5% of the workers who perform the cashier function do so at a light exertional level.  Dkt. No. 12-8 at p. 1.  It is thus not unequivocally true, even using Plaintiff's data, that the cashier position is a medium exertional level job.  Nor is Plaintiff's counsel in a better position than the VE to evaluate that issue.  *Stonick v. Saul*, 2020 WL 6129339, at *19 (D. Conn. Oct. 19, 2020) ("The VE's failure to cite to the Plaintiff's preferred source does not prevent the VE's testimony from clearing the relatively low substantial evidence bar.").  Finally, as noted above, the well-supported testimony of a vocational expert provides substantial evidence at step five, *Carlos R. C. G. v. Berryhill*, 2018 WL 4554495, at *8 (N.D.N.Y. Sept. 21, 2018), and the ALJ relied on the VE's testimony in reaching a decision.  Nothing more was required.  *Wayne E. v. Comm'r of Soc. Sec.*, 2025 WL 662514, at *6 (N.D.N.Y. Feb. 28, 2025).

The ALJ also questioned the VE about the number of positions existing in the national economy for each job.  "The VE may testify as to the existence of jobs in the national economy and as to the claimant's ability to perform any of those jobs, given her functional limitations."  *McCusker v. Comm'r of Soc. Sec.*, 2014 WL 6610025, at *2 (N.D.N.Y. Nov. 20, 2014).  In this case, the VE testified that there were over 465,000 cashier positions in the national economy.  Tr. at p. 66.  Plaintiff does not challenge that number in this Court.  That number is clearly a "significant number of

jobs" in the national economy. *Saha M. v. Comm'r of Soc. Sec.*, 2022 WL 22210126, at *6 (N.D.N.Y. June 10, 2022) (finding positions with 29,900, 196,500, and 315,200 jobs sufficient at step five). Therefore, there is no basis for remand.

Because the ALJ's finding that Plaintiff could perform at least the cashier position was supported by substantial evidence, the Court, finds that the ALJ's Step Five determination is supported by substantial evidence.[2]

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

---

[2] Plaintiff makes an additional argument for remand based on a purported error at Step Four regarding her ability to perform past relevant work. Pl.'s Mem. of Law at pp. 9-14. This argument need not be considered in light of this Court's finding regarding the Step Five determination. This is so because "[i]f the ALJ makes an improper step four finding but makes a step five finding that is supported by substantial evidence, any such error is harmless and does not warrant remand." *Marrero v. Comm'r of Soc. Sec.*, 2019 WL 5208121, at *2 (W.D.N.Y. Oct. 16, 2019) (citing cases); *see also Sisson v. Colvin*, 2015 WL 4878108, at *10 (N.D.N.Y. Aug. 12, 2015); *Miller v. Colvin*, 2013 WL 1760856, at *5 (N.D.N.Y. Apr. 24, 2013).

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated:  March 3, 2026
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

17